| | |
|---|---|
| **Federal Defenders**<br>OF NEW YORK, INC. | Southern District<br>52 Duane Street, 10th Floor<br>New York, NY 10007<br>Tel: (212) 417-8700 Fax: (212) 571-0392 |
| Tamara Giwa<br>*Executive Director* | Jennifer L. Brown<br>*Attorney-in-Charge* |

June 21, 2024

**BY ECF**

The Honorable Judge Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>United States v. Morrow-Wu et al</u>
       **23 Cr. 90 (AKH)**

Dear Judge Hellerstein:

      I write to respectfully request two bail modifications on behalf of Mr. Morrow-Wu: First, that the Court permit Pretrial Services to temporarily remove Mr. Morrow-Wu's ankle monitor so that he can have a CT scan; and second, that the Court reduce the level of location monitoring from "home detention" to "curfew." Pretrial Services – per Intensive Supervision Specialist Ashley Cosme – consents to both requests. The Government – per Assistant U.S. Attorney Jerry Fang – consents to the first request but objects to the second.

      *Removing the ankle monitor for the CT Scan*: We respectfully request that the Court permit Pretrial Services to remove Mr. Morrow-Wu's ankle monitor for a scheduled CT scan. Prior to the removal of the monitor, Mr. Morrow-Wu will submit written confirmation from the medical provider as to the date of the test and its necessity. As noted above, both the Government and Pretrial Services consent to this request.

      *Reduction in the level of monitoring*: We respectfully request that the Court reduce the level of location monitoring from "home detention" to "curfew," with hours to be set by Pretrial Services.

      Under the Bail Reform Act, a court must impose the "least restrictive" combination of conditions that will reasonably assure a person's appearance in court and the safety of the community. *See* 18 U.S.C. § 3142(c). The "least restrictive" combination of conditions often changes over time, and a court "may *at any time* amend the order to impose additional or different conditions of release." *See* 18 U.S.C. § 3142(c)(2).

      Here, Mr. Wu was released from custody in June 2023, originally to the Eastern District of Tennessee and more recently to the District of New Jersey. Over the past 12 months, Mr. Wu has been wholly compliant with the conditions of release, has secured work, and is attending

Honorable Alvin K. Hellerstein  Page 2
June 21, 2024

Re: **United States v. Morrow-Wu et al**
  **23 Cr. 90 (AKH)**

New York University. Mr. Wu has demonstrated by his conduct over the past year that "home detention" is now more restrictive than necessary, and that a reduction to a "curfew" is warranted, with hours to be set by Pretrial Services. As noted above, Pretrial Services consents to the request, while the Government objects.

    Thank you for your consideration of these request.

Respectfully submitted,

/s/_____
Martin Cohen
Assistant Federal Defender
646-588-8317

cc: AUSA Jerry Fang
     USPSO Andrew Dziopa (DNJ)
     USPO Ashley Cosme

**SO ORDERED:**

/s/ Alvin K. Hellerstein
_____
**HONORABLE ALVIN K. HELLERSTEIN**
**United States District Judge**

Dated: 6/24/24

The request for the removal of Mr. Wu's ankle monitor to facilitate a CT scan is granted. The conditions which necessitated Mr. Wu to receive home detention location monitoring have not changed, and so his request to have his status switched to curfew is denied.