UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
:
UNITED STATES OF AMERICA,                                    :
:
:
:
-against-                                                    :    **ORDER AND**
:    **OPINION**
:    **DENYING MOTION**
MATTHEW BLAKE MORROW-WU and                                  :    **TO SEVER**
SHANGZHEN (DANIEL) WU,                                       :
:    23 Cr. 90 (AKH)
Defendants.                                   :
:
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

## Background

Defendants Matthew Blake Morrow-Wu ("Morrow-Wu") and Shangzhen Wu ("Wu") are charged with multiple crimes arising from a scheme to fraudulently acquire funds from Wu's employer. At the time of charging, the defendants were married. The Indictment alleges the following facts. In or around January 2022 through October of 2022, Morrow-Wu and Wu together conspired to embezzle more than $91,980 from what the Indictment refers to as "Company-1," the Manhattan-based architecture firm where Wu worked. The embezzled funds were transferred to the defendants through eleven separate transactions. The listed recipients of each of the fraudulent transactions were legitimate vendors that Company-1 typically did business with; however, the transactions did not in fact go to the vendors, but rather went directly to the defendants, operating under the name of Morrow Law Group, Inc. The true recipients of these payments were concealed by the defendants' use of a payment processing system, which allowed them to list Company-1's vendors as the recipients of the funds on bank statements. Defendants also executed a fake retainer agreement between Company-1 and Morrow Law

1

Group, as well as manufactured written and electronic correspondence, authorizing payment of funds to the fake firm.  Eventually, Company-1 began disputing the fraudulent charges with its bank.  In response, defendants sent Company-1 a fake target letter in which they pretended to be AUSAs in the Southern District of New York.  The letter threatened Company-1 with criminal prosecution for conspiracy to commit wire fraud, wire fraud, and credit card fraud if it continued disputing the payments.

On January 31, 2023, a criminal Complaint was filed against the defendants.  On February 15, 2023, a formal Indictment was filed, charging the defendants with five counts of federal law violations: Count One, conspiracy to commit wire fraud and mail fraud; Count Two, Wire Fraud; Count Three, Mail Fraud; Count Four, Impersonating a Federal Officer; and Count Five, Aggravated Identity Theft.  Defendant Shangzhen Wu now moves to sever his trial from that of his ex-husband Matthew Morrow-Wu, arguing the spousal communications privilege and the likelihood of spillover prejudice require severance under Federal Rule of Criminal Procedure 14(a).  ECF No. 81.

**Standard**

Joinder of multiple criminal defendants is permissible under Rule 8(b) of the Federal Rules of Criminal Procedure "if [the defendants] are alleged to have participated in the same transaction, or in the same series of transactions, constituting an offense or offenses."  The Second Circuit has understood this rule to permit joinder where the allegedly unlawful acts are "'unified by some substantial identity of facts or participants or arise out of a common plan or scheme.'"  *United States v. Feyrer*, 333 F.3d 110, 114 (2d Cir. 2003) (quoting *United States v. Attanasio*, 870 F.2d 809, 815 (2d Cir. 1989)).  Even where defendants are properly joined, though, a defendant may move for severance under Rule 14 of the Federal Rules of Criminal Procedure "[i]f the joinder of offenses or defendants . . . for a trial appears to prejudice a defendant or the government[.]"  The "preference in the federal system [is] for joint trials of

defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Thus, "[a] defendant who seeks separate trials carries a heavy burden of showing that joinder will result in substantial prejudice." *United States v. Amato*, 15 F.3d 230, 237 (2d Cir. 1994).

"The established rule is that a non-frivolous conspiracy charge is sufficient to support joinder," because evidence admitted to prove a conspiracy, including co-conspirator evidence, is admissible against a defendant. *United States v. Nerlinger*, 862 F.2d 967, 973 (2d Cir. 1988). Further, "the fact that evidence may be admissible against one defendant but not another does not necessarily require a severance." *United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003).

## Discussion

Wu argues that severance is necessary in this case because (1) a joint trial will impede his ability to testify in his own defense if Morrow-Wu invokes the spousal communications privilege, and (2) a joint trial will result in spillover prejudice due to Morrow-Wu's extensive criminal history and the volume of evidence that will likely be mounted against him.

A.  Ability to testify

Wu argues that he intends to testify in his defense, but believes that Morrow-Wu will invoke the confidential spousal communication privilege to prevent him from doing so. Accordingly, he argues it is appropriate to sever his trial from that of his ex-husband. I disagree. The spousal communications privilege prevents a spouse or former spouse from disclosing confidential communications between the two made during the course of their marriage. *See Wolfe v. United States*, 291 U.S. 7, 14 (1934). But this privilege could be asserted by Morrow-Wu whether the severance motion was granted or not, if the privilege is applicable, thus preventing Wu from testifying on his own behalf even in a separate trial. *United States v. Orsini*, No. 23-cr-402 (PMH) 2024 U.S. Dist. LEXIS 110828, at *12-13 (S.D.N.Y. June 21, 2024). Therefore, severance would not cure this concern. Moreover, Wu has failed to make any showing that his testimony will concern exculpatory but confidential marital communications,

and that Morrow-Wu will invoke the spousal privilege to block such testimony. This is insufficient to overcome the burden courts place on defendants moving for severance of trials. The spousal communications privilege is therefore not an appropriate ground upon which severance can be granted.

B. Spillover prejudice

Wu further argues that a joint trial would expose him to spillover prejudice and will confuse the jury, because "Morrow Wu has a serious criminal history (that Mr. Wu was unaware of prior to the case at bar) and Mr. Wu has no criminal history[.]" ECF No. 82 at 9. Additionally, the vast disparity of evidence that will be entered against Morrow-Wu, Wu argues, will also result in prejudice. "Differing levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials." *Spinelli*, 352 F.3d at 55. That Morrow-Wu has committed crimes in the past, as well as that there will likely be more evidence presented against Morrow-Wu than against Wu are precisely the types of arguments that the court in *Spinelli* found uncompelling. *Id*. I therefore reject Wu's arguments on these grounds and hold that spillover prejudice is not an appropriate ground for severance.

## Conclusion

Wu's motion for severance is denied. The Clerk of Court shall terminate ECF No. 88.

SO ORDERED.

Dated:     September 16, 2024                   ___/s/ Alvin K. Hellerstein___
           New York, New York                   ALVIN K. HELLERSTEIN
                                                United States District Judge