**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

—————————————————————X

**UNITED STATES OF AMERICA,**          **Docket No.: 23 CR 90- 001 (AKH)**

**vs.**                                          **Sentence Date:  March 10, 2026**

**Matthew Blake Morrow-Wu,**

        **Defendant.**

—————————————————————X

## SENTENCING MEMORANDUM ON BEHALF OF ABEL MORA

**Date: February 24, 2026**

**Eric  I. Prusan**
**LEBEDIN KOFMAN LLP**
**300 Merrick Road, Suite 403**
**Lynbrook, New York 11563**
**eprusan@lebedinkofmanlaw.com**

1

**PRELIMINARY STATEMENT**

Matthew Blake Morrow-Wu (Ho) sentence date is March 10, 2026 at 10:00 am.

Mr. Ho respectfully submits this memorandum to assist the Court in fashioning a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing under 18 U.S.C. § 3553(a).

The Plea agreement stipulated that the guideline range will be 110-137 months.  While the advisory Guidelines calculation yields a substantial custodial range, the Guidelines here substantially overstate both Mr. Ho's true culpability and his future risk. A careful application of the § 3553(a) factors, particularly Mr. Ho's profound and well-documented psychiatric history, traumatic background, demonstrated mental illness, and the atypical circumstances surrounding the offense conduct, strongly supports a meaningful downward variance.

The defense respectfully requests that the Court impose a below-Guidelines sentence that emphasizes treatment, supervision, and restitution rather than extended incarceration.

## THE ADVISORY GUIDELINES FRAMEWORK

The Court must begin with the advisory Guidelines but may not treat them as presumptively reasonable. United States v. Booker**,** 543 U.S. 220, 245 (2005).  Even after properly calculating the range, the Court must make an individualized assessment under § 3553(a). Gall v. United States**,** 552 U.S. 38, 49–50 (2007).  The Supreme Court has repeatedly emphasized that district courts have broad discretion to vary from the Guidelines based on policy disagreements and individualized circumstances. Kimbrough v. United States**,** 552 U.S. 85, 109–10 (2007).  Here, several powerful mitigating considerations warrant such a variance.

## THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT (§ 3553(a)(1))

### Severe Childhood Trauma and Psychiatric History

Dr. N.G. Berrill's forensic evaluation (Attached hereto as Exhibit "A") documents a deeply troubling developmental history marked by:

- childhood physical abuse;

- sexual assault at age 15;

- longstanding ADHD;

- chronic depression and anxiety;

- PTSD symptoms; and

- OCD symptomatology.

Mr. Ho reported being raped in high school and thereafter experiencing persistent psychological instability. Courts in this Circuit routinely recognize that severe childhood trauma and mental illness are powerful mitigating factors supporting a variance. See:  United States v. Brady, 417 F.3d 326, 333 (2d Cir. 2005) (extraordinary childhood abuse may justify downward departure) and United States v. Rivera, 192 F.3d 81, 85 (2d Cir. 1999) (district courts may consider mental and emotional conditions under § 3553(a))

Dr. Berrill's findings demonstrate that Mr. Morrow-Wu's conduct cannot be fully understood without appreciating his long-standing psychiatric vulnerabilities.

**Documented Mental Health Disorders**

 Dr. Berrill's Testing reflects that Mr. Ho has: moderate anxiety, moderate depression, PTSD indicators and ADHD, obsessive-compulsive symptoms.  Mr, Ho also  has a history of psychiatric hospitalizations, including suicide attempts and suicidal ideation.

The Second Circuit has made clear that significant mental illness may warrant a below-Guidelines sentence where it meaningfully contributed to the offense conduct. See:  United States v. Silleg, 311 F.3d 557, 561 (2d Cir. 2002).  This is precisely such a case.

**Psychological Vulnerability and Co-Defendant Dynamics**

Dr. Berrill reports that Mr. Ho has a longstanding pattern of emotional dependency and fear of abandonment, which he himself linked to his involvement in the offense.  While this does not excuse the conduct, it is highly relevant to: diminished volitional control, susceptibility to pressure and reduced risk of sophisticated independent recidivism.  Courts routinely consider such psychological dynamics under § 3553(a)(1).

**ACCEPTANCE OF RESPONSIBILITY AND POST-OFFENSE CONDUCT**

Mr. Ho ultimately pleaded guilty to the charged conduct.  Even where the Guidelines deny credit under §3E1.1, courts retain full authority under § 3553(a) to recognize genuine acceptance of responsibility. His plea has: conserved judicial resources, spared victims trial testimony and demonstrated recognition of wrongdoing.  (Attached hereto as Exhibit C are copies of the Certificates Mr. Ho has earned while incarcerated.

**THE NEED FOR THE SENTENCE IMPOSED (§ 3553(a)(2))**

The record strongly suggests that mental health treatment, not extended incarceration, is the key to reducing recidivism risk. Dr. Berrill notes the defendant's need for ongoing psychiatric and substance abuse treatment. A sentence that prioritizes structured treatment will better protect

3

the public than one focused solely on punishment.  (Attached as Exhibit "B" are copies of Mr. Ho's latest medical reports).

## General Deterrence

General deterrence does not require a Guidelines sentence. The Second Circuit has repeatedly affirmed substantial variances in fraud cases where individualized factors justify them. See:

Gall vs. United States, 552 U.S. 38, (2007)at 54.

A below-Guidelines sentence in this case would still send a powerful deterrent message.

## Need for Medical and Psychological Care (§ 3553(a)(2)(D))

This factor is particularly compelling here.  Mr. Ho presents with: Melanoma, possible Parkinson's Disease, chronic depression, PTSD, ADHD, suicide history and substance abuse history. The Court may and should, fashion a sentence that ensures intensive mental health treatment. (See 18 U.S.C. § 3553(a)(2)(D)).

## A BELOW-GUIDELINES SENTENCE AVOIDS UNWARRANTED DISPARITIES

Fraud defendants in this District with similar loss amounts and significant mental health mitigation routinely receive below-Guidelines sentences. A variance here would therefore reduce, not create, disparity.

## PROPOSED SENTENCE

For the foregoing reasons, the defense respectfully requests:

- A substantial downward variance;

- A sentence materially below the advisory range;

- Strong mental health treatment conditions; and

- Restitution as ordered by the Court.  Such a sentence would fully satisfy the parsimony clause of § 3553(a).

## CONCLUSION

The advisory Guidelines range in this case is driven largely by mechanical enhancements that fail to capture the human realities reflected in Dr. Berrill's evaluation and the full § 3553(a) record.  A below-Guidelines sentence will still promote respect for the law, provide just punishment, protect the public and most importantly, address the profound mental health needs that underlie this case.

For these reasons, Mr. Ho respectfully requests that the Court impose a meaningful downward variance.

WHEREFORE, the Defendant, Junior Marmol Duran, respectfully prays that this Honorable Court enter its Order granting his request and thereby sentencing him to 8 years.

Dated: New York, New York
  February 24, 2026

        Respectfully submitted ,
        /s/ ERIC I. PRUSAN
        ERIC I. PRUSAN
        Lebedin Kofman, LLP
        Attorneys for the Defendant
        300 Merrick Road, Suite 403
        Lynbrook, New York 11563
        (516) -567-6832
        Email:  eprusan@lebedinkofmanlaw.com