UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                         :

UNITED STATES OF AMERICA

                               :     PRELIMINARY ORDER OF

        - v. -                    FORFEITURE/

                               :     MONEY JUDGMENT

MATTHEW MORROW-WU,
    a/k/a "Blake Wu,"                :     S1 23 Cr. 90 (AKH)
    a/k/a "Blake Ho,"
    a/k/a "Blake Morrow,"          :
    a/k/a "Matthew Wu,"
    a/k/a "Matthew Ho,"           :
    a/k/a "Matthew Blake Morrow,"

                               :

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

WHEREAS, on or about March 24, 2025, MATTHEW MORROW-WU, a/k/a "Blake Wu," a/k/a "Blake Ho," a/k/a "Blake Morrow," a/k/a "Matthew Wu," a/k/a "Matthew Ho," a/k/a "Matthew Blake Morrow" (the "Defendant"), was charged, among others, in a seven-count Superseding Indictment, S1 23 Cr. 90 (AKH) (the "Indictment"), with conspiracy to commit wire fraud and mail fraud, in violation of Title 18, United States Code, Section 1349 (Count One); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Two); mail fraud, in violation of Title 18, United States Code, Sections 1341 and 2 (Count Three); impersonating a federal officer, in violation of Title 18, United States Code, Sections 912 and 2 (Count Four); aggravated identity theft, in violation of Title 18, United States Code, Sections 1028A and 2 (Count Five); falsification of records, in violation of Title 18, United States Code, Sections 1519, 3147(1), and 2 (Count Six); and obstruction of justice, in violation of Title 18, United States Code, Sections 1512(c)(2), 3147(1), and 2 (Count Seven).

WHEREAS, the Indictment included a forfeiture allegation as to the offenses charged in Counts One, Two, Three, and Seven of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States

Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One, Two, Three, and Seven of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One, Two, Three, and Seven of the Indictment;

WHEREAS, on or about April 28, 2025, the Defendant pled guilty to Counts One, Two, Three, Four, Six, and Seven of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One, Two, Three, and Seven of the Indictment and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money equal to $406,788.08 in United States currency, representing proceeds traceable to the commission of the offense alleged in Counts One, Two, Three, and Seven of the Indictment;

WHEREAS, the Government asserts that $406,788.08 in United States currency represents the amount of proceeds traceable to Counts One, Two, Three, and Seven of the Indictment that the Defendant personally obtained;

WHEREAS, the Government seeks a money judgment in the amount of $406,788.08 in United States currency, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), representing the amount of proceeds traceable to Counts One, Two, Three, and Seven of the Indictment that the Defendant personally obtained; and

WHEREAS, the Court finds that as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One, Two, Three, and Seven

of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One, Two, Three, and Seven of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $406,788.08 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to Counts One, Two, Three, and Seven of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant MATTHEW MORROW-WU, a/k/a "Blake Wu," a/k/a "Blake Ho," a/k/a "Blake Morrow," a/k/a "Matthew Wu," a/k/a "Matthew Ho," a/k/a "Matthew Blake Morrow," and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.      Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.      The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT JUDGE

6-/6-26
DATE